**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2143-24

KIMBERLY LEFTWICH,

     Plaintiff-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued May 4, 2026 – Decided May 28, 2026

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx2940.

Samuel M. Gaylord argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Samuel M. Gaylord, on the briefs).

Raquel Y. Bristol, Deputy Attorney General, argued the cause for respondent (Jennifer Davenport, Attorney General, attorney; Janet Greenberg Cohen, Assistant

Attorney General, of counsel; Raquel Y. Bristol, on the briefs).

PER CURIAM

This pensions case returns on appeal following a remand we ordered in our March 20, 2024 unpublished opinion. See Leftwich v. Pub. Emps.' Ret. Sys., No. A-1023-22 (App. Div. Mar. 20, 2024). In that opinion, we directed the Public Employees' Retirement System ("PERS") to reconsider its denial of accidental disability retirement benefits under N.J.S.A. 43:15A-46 sought by appellant Kimberly Leftwich, a former State employee. Id. at 2.

We remanded the case because the administrative law judge ("ALJ") who had presided over appellant's hearing and, thereafter, the PERS Board, both used an overly stringent causation standard, requiring appellant to prove that her September 2015 workplace accident—in which she was assaulted by a patient at the New Lisbon Development Center—was the "sole" or "primary" cause of her disability. As we instructed, the proper causation standard under Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174, 187 (1980) instead is that the workplace incident be a "significant or substantial contributing cause" of the injury.

On remand, the parties chose to rely on the existing record, which had been presented in testimony before the ALJ in February and May 2021, along

with numerous medical reports and records. At the conclusion of the remand proceeding, the same ALJ once again rejected appellant's claim in a December 27, 2024 written decision. The Board then adopted the remand decision, without qualification, in a final agency decision dated March 20, 2025.

Unfortunately, for reasons we now explain, the ALJ's remand decision is flawed, as it conflicts with the Board's previous determination granting appellant "ordinary" disability benefits under N.J.S.A. 43:15A-42 and continues to fault appellant for not showing the workplace assault was "the" cause of her condition.

The following timeline provides useful context. On September 1, 2015, appellant was injured at her workplace when she was attacked by a patient. Appellant obtained medical treatment but continued to work at the facility for approximately eight months after the September 2015 incident. She resigned from her job in May 2016. Appellant then worked approximately eighteen months in another position, eventually retiring effective January 1, 2018.

On October 2, 2017, appellant submitted to PERS an application for accidental disability retirement benefits. As part of that application, appellant was concurrently considered for ordinary disability benefits. See N.J.A.C. 17:2-6.26(d) (enabling a single application form to cover a claim for both ordinary and accidental benefits). Appellant relied on the results of medical examinations

of various physicians, several of whom (although not uniformly) opined that she was disabled from performing her job duties.

Importantly for the present appeal, on April 1, 2018, the Board granted appellant ordinary disability retirement benefits. By granting such benefits, the Board concluded that, based on the presented medical information, appellant was "physically or mentally incapacitated for the performance of duty and should be retired." N.J.S.A. 43:15A-42. That determination of disability tracks the pertinent regulation, N.J.A.C. 17:2-6.1(g)(3), which states:

> To qualify for disability retirement, a member must be <u>unable to perform his or her regular and assigned duties due to a permanently disabling medical condition present at the time the member separates from service</u>, as a result of which disabling condition the member should be retired.
>
> [(Emphasis added).]

Hence, the Board conclusively determined in April 2018 that, at the time appellant "separated from service," she was disabled and "unable to perform . . . her regular and assigned duties due to [that] permanently disabling medical condition." <u>Ibid.</u>

We note that such a determination approving ordinary disability benefits—in contrast to accidental disability benefits—does not require the disabling condition to be "a direct result of a traumatic event occurring during

and as a result of the performance of [the employee's] regular or assigned duties." N.J.S.A. 43:15A-43 (defining eligibility for accidental disability retirement benefits). The common element of both benefit categories is simply that the employee be permanently disabled. Eligibility for accidental benefits adds the causation requirement that our Supreme Court illuminated in Gerba, 83 N.J. at 187.

In her original decision issued on September 6, 2022, the ALJ denied appellant's accidental disability claim, concluding the September 2015 workplace incident was not the "direct cause" of her disability. Fundamentally, the ALJ found the testimony of appellant's medical expert on that subject less credible than that of the Board's expert. In essence, the ALJ was persuaded that appellant's condition was solely or primarily caused by underlying degenerative factors. Notably, however, the ALJ's first decision accepted the premise that appellant is, indeed, disabled.

The Board adopted the ALJ's first decision on October 25, 2022. Appellant appealed, and as we noted above, we vacated the denial of accidental benefits because the ALJ and the Board had applied an incorrect causation standard. Among other things, we noted that the ALJ's legal analysis "overlook[ed] the logical possibility that a pre-existing, asymptomatic condition could have been 'significant' or 'substantial,' and that the work-related injury

also could have been 'significant' or 'substantial.' One does not necessarily rule out the other from playing a role in the chain of causation." Leftwich, slip op. at 10. We specifically instructed that "the matter be remanded to the ALJ through the Board for amplified causation findings in accordance with [our] opinion." Id. at 12.

On remand, however, the ALJ strayed from that direction and instead re-visited the already established core premise that, as the Board previously found in April 2018, appellant was permanently disabled at the time she separated from State service. The ALJ went down this path by reconsidering the medical information in the record and concluding that "there is no contemptuous[1] evidence to demonstrate that she was unable to perform her duties at the time of her retirement." (Emphasis added). But that determination of disability is the law of the case—a finding that was repeated by this court in our March 2024 opinion. Id. at 4-5. The ALJ critically erred in adopting a contrary finding. See Baker v. Nat'l State Bank, 353 N.J. Super. 145, 170 (App. Div. 2002).

This error was not minor because the supposed lack of proven disability was a key aspect of the remand decision's analysis. The causation assessment was materially tainted by the error. In fact, in the same paragraph, the remand

---

[1] This appears to be a typographical error, albeit of a key term. We suspect the ALJ meant to say "contemporaneous."

decision also observed that "the [traumatic] events that occurred here were not so major as to be the cause of the degeneration." (Emphasis added). As we emphasized in our first opinion, under Gerba, 83 N.J. at 187, a claimant does not have to prove the traumatic workplace event was "the cause" or even the "primary" cause of the disability; it only needs to be substantial and significant.

Given these errors, we are constrained to remand the case a second time for appropriate reconsideration. On remand, the matter should be assigned to a different ALJ, even though that successor ALJ will not have presided over the hearings five years ago. We direct such reassignment in an abundance of caution "to avoid any claim of partiality based on the . . . judge's [previous] factual findings and legal conclusions." N.J. Div. of Child Prot. & Permanency v. A.M.W., 480 N.J. Super. 496, 508 (App. Div. 2024).[2]

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

---

[2] For sake of completeness, we note that appellant's citation to this court's recent opinion in H.F. v. Bd. of Trs., Police & Firemen's Ret. Sys., 483 N.J. Super. 166 (App. Div. 2026) does not materially affect the eligibility analysis in this case. The focus of the H.F. opinion was on whether mental health disabilities should be treated in like fashion as physical injuries under the disability pension laws, see id. at 171-82, which is not a pertinent concern in the present case. That said, we appreciate counsel for bringing the opinion to our attention and their thoughtful post-argument supplemental letter briefs.

A-2143-24